

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



Jennifer Florence
Dawson, Justin Howell,
Adam Chesley, et al.,
Plaintiffs,

v.

City of Dallas, Texas
Defendant.

CAUSE NO. 3-11CV2698-B

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1. Plaintiffs are **Jennifer Florence Dawson, Justin Howell, Adam Chesley** who wish to exercise their First Amendment rights in a public forum in Dallas, Texas, and others similarly situated.

2. Defendant, City of Dallas, is a municipal corporation formed and existing within the State of Texas, located in Dallas County, and at all times relevant to this complaint employed the officers and employees of the City of Dallas who interacted with or made representations and demands to Plaintiffs.

### B. Jurisdiction

3. This action is brought pursuant to 42 U.S.C.A. § 1983. Jurisdiction is founded upon 28 U.S.C.A. § 1331. Pendent and supplemental jurisdiction is invoked for this Court to decide claims that may arise under state law.

### C. Venue

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this cause of action occurred in this District.

### D. Conditions Precedent

5. All conditions precedent have been performed or have occurred.

### E. Facts

6. Plaintiffs are individuals who are engaged in exercise of their First Amendment rights in a

public forum in Dallas, Texas.

7. Plaintiffs began protesting under the slogan "Occupy Dallas" on or about Thursday, October 6, 2011.

8. On or about Friday, October 7, 2011, Plaintiffs were notified that they were required to apply for a permit to avoid being arrested for the exercise of their First Amendment rights.

9. Plaintiffs ~~George Wilcox~~, complied with the City's request and applied for a "Special Event and Street Pole Banner Permit" on October 7, 2011. Although he did not indicate the number of people expected to protest during the time of the permit, the City issued a permit requiring commercial general liability insurance in the amount of $1,000,000.

10. Under the Code of the City of Dallas, the requirement to obtain said insurance applies only to "Special Events" anticipating 5,000 or more participants on any given day, and should therefore never have been applied to the Permit at issue in this case.

11. Nonetheless, after being informed by the City of Dallas that he would be required to obtain said insurance, and suggestions on insurance agents who would be able to underwrite such a policy, George Wilcox contacted the agent recommended by the City of Dallas. The insurance agent informed him that because he is an individual and does not represent an organization no such insurance would be available to him.

12. On Monday, October 10, 2011, the City of Dallas informed George Wilcox that they would begin to arrest individuals involved in the protest should he fail to secure the required insurance by the deadline of October 11, 2011.

F. <u>Causes of Action</u>

<u>Count 1 – 42 U.S.C. §1983</u>

13. Plaintiffs are individuals engaged in the exercise of their First Amendment rights in a public forum in Dallas, Texas.

14. Defendant has deprived plaintiffs of their rights under the First and Fourteenth Amendments to the U.S. Constitution in violation of 42 U.S.C. §1983. *See Waters v. Churchill*, 511 U.S. 661, 667 (1994).

15. The City of Dallas and its employees were at all times relevant to this action acting under color of the laws and regulations of the State of Texas and the City of Dallas. The exercise of these established policies and customs resulted in the violation of plaintiffs' First Amendment rights. *See* 42 U.S.C. §1983; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982).

<u>Count 2 – Violation of Constitutional Rights</u>

16. Plaintiffs' actions involve a matter of political, social, or other concern and are constitutionally protected under the First Amendment. Furthermore, plaintiffs' interest in their actions outweighs any interest of the City of Dallas in promoting the efficient operation and

administration of government services. *See Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will County, Ill.*, 391 U.S. 563, 568-70 (1968).

17. Plaintiffs' speech was a substantial and motivating factor in defendant's decision to require that Plaintiffs obtain a "Special Event Permit" and commercial general liability insurance. Defendant acted intentionally to chill plaintiffs' speech, discredit them by damaging their reputation, and punish them for exercising their free-speech rights. *See Waters*, 511 U.S. at 672-82; *Pickering*, 391 U.S. at 568-70.

### G. Damages

18. As a direct and proximate result of defendant's conduct, plaintiffs suffered the following injuries and damages:

a. Lost earnings.

c. Damage to reputation in the past and future.

d. Mental anguish in the past and future.

19. Absent this Court's intervention, Plaintiffs will continue to be harmed by threats of or actual arrest for exercising their First Amendment rights and by the limitation of their speech.

### H. Attorney Fees

20. Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

### I. Prayer

21. For these reasons, plaintiffs asks for judgment against defendant for the following:

a. Actual damages;

b. Reasonable attorney fees;

c. Prejudgment and postjudgment interest;

d. Costs of suit;

e. Declaratory & injunctive relief

f. All other relief the Court deems appropriate.

**[SIGNATURE PAGE & CERTIFICATE OF SERVICE FOLLOWS]**

Respectfully submitted,
By: _____
Jonathan F. Winocour
State Bar No. 24037730
David P. Ray III
State Bar No. 24027766
WINOCOUR | RAY
9400 N. Central Expressway, Suite 1204
Dallas, Texas 75231
(214) 575-6060 Telephone
(214) 575-6220 Facsimile
jwinocour@winocour-ray.com
dray@winocour-ray.com

By: _____
Corinna Chandler

Texas Bar No. 24061272
Chandler Martinez, L.L.P.
6611 Hillcrest Avenue, Box # 542
Dallas, Texas  75205
(214) 758-0354 Telephone
(214) 758-0362 Facsimile
chandler@chandlermartinez.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and the accompanying appendix were served on the City Attorney for the City of Dallas via hand delivery on this Wednesday, October 12, 2011.

By: _____
Jonathan F. Winocour