IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER FLORENCE DAWSON, et al.,<br>Plaintiffs, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:11-CV-02698-B |
| | § | |
| CITY OF DALLAS,<br>Defendant. | §<br>§ | |

**STIPULATIONS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The City of Dallas (City") and Plaintiffs Jennifer Florence Dawson, Justin Howell, and Adam Chesley (collectively "Plaintiffs") stipulate to the following matters:

1. The City stipulates that it will not arrest members of Occupy Dallas (including Plaintiffs) when on the grounds of the Dallas Convention Center for violations of Section 31-13, "Sleeping in a Public Place," and Section 31-37, "Hours of Closure for Certain City Property," of the Dallas City Code (copies of which are attached hereto as Exhibits A and B, respectively) between Wednesday, October 12, 2011, and Sunday, October 16, 2011, at 5:00 p.m.

2. The City stipulates that Chapter 42A, "Special Events," of the Dallas City Code does not apply to the grounds of the Dallas Convention Center pursuant to Section 42A-5. In other words, no permit from the City is required for Occupy Dallas to protest on the grounds of the Dallas Convention Center from 5:00 a.m. through 12:00 a.m. (midnight). Accordingly, the City stipulates it will not arrest members of Occupy Dallas when on the grounds of the Dallas Convention Center for violations of Chapter 42A. Plaintiffs believe that Chapter 42A of the Dallas City Code applies to the grounds of the Dallas Convention Center.

3. These stipulations do not restrict the City's Police Department from arresting members of Occupy Dallas for violations of any other laws, including the laws in the Texas Penal Code and the Dallas City Code.

Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

s/ *Christopher J. Caso*
James B. Pinson
Texas Bar No. 16017700
Peter Brooke Haskel
Texas Bar No. 09198900
Christopher J. Caso
Texas Bar No. 03969230
Assistant City Attorneys

Office of the City Attorney
1500 Marilla Street, Room 7BN
Dallas, Texas 75201-6318
Telephone: 214-670-1330
Telecopier: 214-670-0622
james.pinson@dallascityhall.com
peter.haskel@dallascityhall.com
chris.caso@dallascityhall.com

Counsel for the City of Dallas

By: *s/Jonathan Winocour*
Jonathan F. Winocour
State Bar No. 24037730
David P. Ray III
State Bar No. 24027766
WINOCOUR | RAY
9400 N. Central Expressway, Suite 1204
Dallas, Texas 75231
(214) 575-6060 Telephone
(214) 575-6220 Facsimile
jwinocour@winocour-ray.com
dray@winocour-ray.com

By: _s/ Corinna Chandler_
Corinna Chandler
Texas Bar No. 2406172
Chandler Martinez, L.L.P.
6611 Hillcrest Avenue, Box 542
Dallas, Texas 75205
(214) 758-0354 Telephone
(214) 758-0362 Facsimile
chandler@chandlermartinez.com

Counsel for the Plaintiffs

**CERTIFICATE OF FILING AND SERVICE**

I certify that on October 13, 2011, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

_s/ Christopher J. Caso_
Christopher J. Caso

to abate or remove the nuisance within a specified time designated in the order, and if the order is not followed, the city manager may order the chief of police to abate and remove the nuisance. The expense incurred in abating and removing a nuisance shall be charged to the owner of the premises and will result in a lien on the real estate on which the nuisance existed, which may be levied as a special tax against the real estate. (Ord. 14971)

**SEC. 31-11. NUISANCE - JUDGMENT IN MUNICIPAL COURT.**

Whenever a judgment is rendered in the municipal court against a person for violation of a city ordinance and the violation is defined as a nuisance, the person shall abate and remove the nuisance within 24 hours after judgment is rendered. If the person fails to abate the nuisance, the chief of police may abate and remove the nuisance. The expense incurred in abating and removing the nuisance will result in a lien on the real estate whereupon the nuisance existed, which may be levied as a special tax against the real estate. (Ord. 14971)

**SEC. 31-12. LIMITED HOURS OF CERTAIN COIN-OPERATED DEVICES.**

(a) A person commits an offense if, as owner, exhibitor, lessee, or employee of the owner, exhibitor, or lessee of a coin-operated amusement device located within 500 feet of a public or private elementary or secondary school, he permits a person under the age of 17 years to operate the coin-operated amusement device between the hours of 9 a.m. and 4 p.m. on days during the fall or spring term when students are required to attend school in the school district in which the device is located.

(b) For the purposes of this section COIN-OPERATED AMUSEMENT DEVICE has the meaning ascribed to it in Section 6A-1 of this code.

(c) The owner, exhibitor, or lessee of a coin-operated amusement device located within 500 feet of a public or private elementary or secondary school shall place a sign on the device that reads, "Play by Persons Under 17 Not Allowed during School Hours."

(d) For purposes of this section measurements shall be made in a straight line without regard to intervening structures or objects, from the nearest entry door in the portion of a building where the coin-operated amusement device is located to the nearest entry door of the school.

(e) A person violating Subsection (a) of this section is deemed to be maintaining a public nuisance and a police officer of the city who observes the violation shall seize all the coin-operated amusement devices in the establishment and upon conviction of the person for violation of Subsection (a), the city shall dispose of the devices in the manner provided by law. (Ord. Nos. 14971; 16585)

**SEC. 31-13. SLEEPING IN A PUBLIC PLACE.**

(a) A person commits an offense if he:

(1) sleeps or dozes in a street, alley, park, or other public place; or

(2) sleeps or dozes in a vacant lot adjoining a public street or highway.

(b) It is a defense to prosecution under Subparagraph (2) of this section if the person owns the vacant lot or has the consent of the owner to sleep or doze on the vacant lot. (Ord. 14971)

**SEC. 31-14. ENTERING PORTIONS OF BUILDINGS WITHOUT CONSENT.**

(a) In this section:

(1) BUILDING means an enclosed structure to which the public or a substantial group of the public has access;

(2) CONSPICUOUSLY MARKED means a sign posted to be reasonably likely to come to the attention of anyone approaching an entrance to a portion of a building;

(3) OWNER means a person who has title to a building or a leasehold interest in the



(3) an exterior public pay telephone;

(4) a self-service car wash;

(5) a self-service fuel pump;

(6) a public transportation stop; or

(7) an outdoor dining area of a fixed food establishment.

(g) For purposes of Subsection (f), measurement will be made in a straight line, without regard to intervening structures or objects, from the nearest point at which a solicitation is being conducted to whichever is applicable of the following:

(1) the nearest entrance or exit of a facility in which an automated teller machine is enclosed or, if the machine is not enclosed in a facility, to the nearest part of the automated teller machine;

(2) the nearest entrance or exit of a bank, credit union, or other similar financial institution;

(3) the nearest part of an exterior public pay telephone;

(4) the nearest part of the structure of a self-service car wash;

(5) the nearest part of a self-service fuel pump;

(6) the nearest point of any sign or marking designating an area as a public transportation stop; or

(7) the nearest part of any table in an outdoor dining area or, if the outdoor dining area is contained within an enclosure, the nearest part of that enclosure.

(h) In addition to any enforcement action by a peace officer for a violation of this section, any person who is a victim of a solicitation prohibited under Subsection (b), (c), (d), (e), or (f), or who witnesses a violation of Subsection (c), (d), (e), or (f), may file a complaint with the city attorney. Evidence to support a conviction for a violation of this section may include, but is not limited to, testimony of witnesses, videotape evidence of the violation, and other admissible evidence.

(i) An offense under this section is punishable by a fine not to exceed $500. (Ord. Nos. 21030; 25213; 26738; 28075)

### SEC. 31-36. MENACING ANOTHER PERSON.

(a) In this section, BODILY INJURY and SERIOUS BODILY INJURY have the meaning given each term, respectively, in Section 1.07 of the Texas Penal Code, as amended.

(b) A person commits an offense if he intentionally places or attempts to place another person in fear of bodily injury, serious bodily injury, or death by:

(1) following the other person on two or more occasions; or

(2) over a period of time, engaging in a course of conduct or committing two or more specific acts against the other person that would cause a reasonable person to fear bodily injury, serious bodily injury, or death. (Ord. 21443)

### SEC. 31-37. HOURS OF CLOSURE FOR CERTAIN CITY PROPERTY.

(a) In this section:

(1) CENTRAL LIBRARY GROUNDS means the grounds surrounding the J. Erik Jonsson central library bounded by Wood Street on the north, Ervay Street on the east, Young Street on the south, and the property line wall located approximately 340 feet west of Ervay Street on the west.

(2) CITY HALL PLAZA means the grounds surrounding city hall bounded by Young Street on the north, Ervay Street on the east, Canton Street on the south, and Akard Street on the west.

EXHIBIT
tabbies
B

(3) CONVENTION CENTER GROUNDS means the grounds, including Pioneer Plaza, surrounding the Dallas convention center that are contained within the following boundaries:

Beginning at the intersection of Young Street and Akard Street;

West on Young Street to Griffin Street;

South on Griffin Street approximately 407 feet;

West in a straight line for approximately 863 feet to the Jefferson Boulevard Viaduct;

Southwest on the Jefferson Boulevard Viaduct to the Union Pacific Railroad;

Southeast along the Union Pacific Railroad to Horton Street;

Northeast on Horton Street to Lamar Street;

Northwest on Lamar Street to Memorial Drive;

East on Memorial Drive to Griffin Street;

Southeast on Griffin Street to Canton Street;

Northeast on Canton Street to Akard Street;

North on Akard Street to Young Street at the point of beginning.

(b) The following city property will be closed to the public each day from 12:00 midnight until 5:00 a.m.:

(1) the city hall plaza;

(2) the convention center grounds; and

(3) the central library grounds.

(c) A person commits an offense if he is on the premises of a city property designated in Subsection (b) during hours in which the property is closed.

(d) It is a defense to prosecution under Subsection (c) that the person was:

(1) attending or working at a special event, activity, convention, or program that was being conducted with city authorization on the city property or subsequently leaving the event, activity, convention, or program within a reasonable time after it had ended for the day;

(2) on the city property in accordance with the terms of a lease, rental agreement, contract, or other written permission from the city; or

(3) a city employee or a law enforcement officer in the performance of official duties. (Ord. 22036)

**SEC. 31-38. DUTY OF PROPERTY OWNER TO REMOVE GRAFFITI.**

(a) In this section:

(1) DIRECTOR means the director of the department designated by the city manager to enforce and administer this section or the director's authorized representative.

(2) GRAFFITI means any marking, including, but not limited to, any inscription, slogan, drawing, painting, symbol, logo, name, character, or figure, that is made in any manner on tangible property.

(3) OWNER means any person with the legal right of possession to tangible property.

(b) An owner of any tangible property in the city commits an offense if he fails to remove all graffiti from the property that is visible from any public property or right-of-way or from any private property other than the property on which the graffiti exists.